IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| POLARIS ENGINEERING, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>TEXAS INTERNATIONAL TERMINALS, LTD.,<br><br>*Defendant* | CIVIL ACTION NO. 3:21-cv-00094 |

**POLARIS ENGINEERING, INC.'S
UNOPPOSED MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT AND
AMENDED ANSWER TO TXIT'S FOURTH AMENDED PLEADING**

COMES NOW Plaintiff Polaris Engineering, Inc. ("Polaris"), pursuant to Federal Rules of Civil Procedure 6, 15, and 16 and files this Motion for Leave to File Fourth Amended Complaint, along with an amended answer to Texas International Terminals, Ltd.'s ("TXIT") counterclaims contained in TXIT's Fourth Amended Pleading, showing as follows. TXIT does not oppose this motion.

**INTRODUCTION**

Polaris seeks to amend parts of two paragraphs in its Third Amended Complaint [Dkt. 113] in an effort to conform its allegations to the evidence found in discovery and in preparation of expert reports. As reflected in the proposed Fourth Amended Complaint (a redline of which is attached as Exhibit 1), Polaris seeks to amend paragraphs 22 and 24. After consultation with its experts and based on findings in its experts' reports, Polaris has determined that certain parts of the filed allegations are not correct and therefore should be amended to conform to the evidence.

The parties served their initial expert reports on May 6, 2022. Rebuttal reports are being prepared and are due July 15.

Polaris also seeks to amend its answer [Dkt. 136] to TXIT's counterclaims. Specifically, Polaris seeks to include additional affirmative defenses in response to certain purported findings and arguments asserted in TXIT's expert reports, and information learned by Polaris in preparing its own expert reports. A redline comparison of Polaris's amended answer and its answer currently on file is attached as Exhibit 2. Polaris in no way agrees that the findings or arguments of TXIT and its experts are correct. Rather, Polaris asserts the new affirmative defenses as alternative defenses if there happens to be an adverse finding or conclusion on such disputed matters.

## **LEGAL STANDARD**

There are two standards applicable to this Motion, both of which have significant overlap.

*First*, under the Court's Control Order [Dkt. 80], the deadline for amending pleadings without leave of court has already passed. Accordingly, a party seeking to amend its pleadings must therefore file a motion for leave "demonstrating both good cause and excusable neglect in accordance with Fed. R. Civ. P. 6(b)(1)(B)." [Dkt. 80 at 1]; *see also* Rule 16(b)(4) (requiring "good cause" and the "judge's consent" to modify a scheduling order). Rule 6(b)(1)(B) provides that on a party's motion, "the Court may, for good cause, extend the time" for an act to be done if the time period has already expired and "the party failed to act because of excusable neglect." *See also* Fed. R. Civ. P. 16(b)(4) (requiring "good cause" to modify a scheduling order). The district court enjoys "broad discretion" in deciding whether to grant such an extension. The Fifth Circuit has identified four factors that are relevant to the Court's analysis: (1) "the possibility of prejudice to the other parties"; (2) "the length of the applicant's delay and its impact on the proceeding"; (3)

"the reason for the delay and whether it was within the control of the movant"; and (4) "whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

*Second*, and similarly, Rule 15(a)(2) provides that the Court "should freely give leave [to amend] when justice so requires."[1] Because Rule 15(a) evinces a bias in favor of granting leave to amend, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir.1998), a district court "must possess a substantial reason to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal quotation marks omitted). Courts should readily grant leave to amend to conform one's pleading to the underlying facts particularly where the case is still early in discovery. *See*, *Johnson v. United Airlines, Inc.*, No. 4:14-CV-00646, 2016 WL 11529983, at *2 (S.D. Tex. Feb. 4, 2016) ("Because the case is in an early stage, and the parties have yet to complete discovery, United has ample notice of the nature of the claims made against it.").

Following the Supreme Court's guidance, the Fifth Circuit uses five factors—many of which overlap with the Rule 6(b)(1)(B) analysis—in determining whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should only be denied if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.").

---

[1] Some case law suggests that "when a motion to amend requires delays in a scheduling and docket order," the "good cause" analysis supplants the "freely given" standard of Rule 15(a). *See Victory Lane Motorsports, LLC v. Wide-Open Sports Mktg., Inc.*, No. CV H-20-2006, 2020 WL 7484769, at *1 (S.D. Tex. Dec. 18, 2020). However, out of abundance of caution, and to ensure all potentially relevant standards are identified in this Motion, Polaris includes a description of the Rule 15(a)(2) analysis as well.

## ARGUMENT

I. **Polaris's Motion Satisfies Rules 6(b)(1)(B), 15, and 16(b) Because The Amendments Were Triggered By Recent Developments In Discovery And Allowing Them Will Not Prejudice TXIT.**

Good cause is satisfied where the basis for a party's amendment was discovered only months before seeking to amend. *See Victory Lane*, 2020 WL 7484769, at *3 (collecting cases). During the process of reviewing discovery materials, preparing its expert reports (both initial and rebuttal), and reviewing TXIT's expert reports (served on May 6), Polaris discovered that paragraphs 22 and 24 in its Third Amended Complaint are not accurate. Specifically, Polaris's experts discovered that the as-built Facility is capable of processing a naphtha output greater than 18.8% of crude that conforms with Appendix F, Table 1 of the parties' contract. Polaris requests leave to amend these paragraphs to conform to the findings of its own experts and to be consistent with the evidence discovered thus far.

Similarly, in reviewing TXIT's expert reports, the evidence upon which they rely, and the allegations those reports purportedly support, Polaris understands that TXIT believes it has a basis to argue certain legal theories that Polaris contends would be defeated, as a matter of law, by affirmative defenses not yet pleaded. In order to conform its pleadings to the evidence and arguments recently presented by TXIT, including these new theories raised by TXIT's expert reports, Polaris seeks to amend its answer to TXIT's counterclaims by asserting the additional affirmative defenses of failure of condition subsequent, mistake, and modification.

These circumstances demonstrate good cause and excusable neglect. And, neither of these requested amendments will prejudice TXIT. Discovery remains ongoing and currently is not set to close until September 30, 2022 [*see* Dkt. 100]. The parties are still in the midst of preparing rebuttal expert reports. To date, no depositions have been taken by either side. Moreover, there is no evidence of dilatory motive, bad faith, or undue delay.

Dated: June 14, 2022

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Tony Guerino*
Tony Guerino
Texas State Bar No. 00792552
Elizabeth E. Klingensmith
Texas State Bar No. 24046496
Jonathan T. Sink
Texas State Bar No. 24099968
R. Yona Starosta
Texas State Bar No. 24120668
909 Fannin St., Suite 2000
Houston, Texas 77010
Telephone: 713-276-7695
Facsimile: 713-276-7673
Tony.guerino@pillsburylaw.com
Liz.klingensmith@pillsburylaw.com
Jonathan.Sink@pillsburylaw.com
Yona.Starosta@pillsburylaw.com

*Attorneys for Plaintiff Polaris Engineering, Inc. and Third-Party Defendants Polaris Construction, Inc., Gerry Obluda, and Michael Nodier*

## CERTIFICATE OF CONFERENCE

This is to certify that, pursuant to L.R. 7.1.D., counsel for Polaris conferred with counsel for TXIT on June 13, 2022, regarding the relief sought herein. TXIT does not oppose this motion.

*/s/ Jonathan T. Sink*
Jonathan T. Sink

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been electronically filed in the Court's CM/ECF system on June 14, 2022, which caused a copy of same to be served upon all counsel of record.

*/s/ Tony Guerino*
Tony Guerino