IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| POLARIS ENGINEERING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS INTERNATIONAL | § | Civil Action No. 3:21-CV-00094 |
| TERMINALS, LTD. | § | |
| | § | |
| Defendant/Counter-Plaintiff/ | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| DRL ENGINEERING, LLC and | § | |
| DAVID R. LUETCHFORD, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| WESTCHESTER FIRE INSURANCE | § | |
| COMPANY, GERRY OBLUDA, | § | |
| MICHAEL NODIER, and POLARIS | § | |
| CONSTRUCTION, INC., | § | |
| | § | |
| Third-Party Defendants. | § | |

**WESTCHESTER FIRE INSURANCE COMPANY, POLARIS ENGINEERING, INC., POLARIS CONSTRUCTION, INC., GERRY OBLUDA, AND MICHAEL NODIER'S JOINT MOTION TO CONTINUE AND MODIFY THE <u>DOCKET CONTROL ORDER</u>**

Plaintiff Polaris Engineering, Inc. ("Polaris") and Third-Party Defendants

Westchester Fire Insurance Company ("WFIC"), Polaris Construction, Inc. ("Polaris

Construction"), Gerard R. Obluda ("Obluda"), and Michael J. Nodier ("Nodier") file this

their Joint Motion to Continue and Modify the Docket Control Order and respectfully show

the Court as follows:

## I.
## CERTIFICATE OF CONFERENCE

Counsel for the parties have conferred and all parties in this case agree that a

continuance of the current docket call set for October 7, 2022, is necessary. As a result,

Texas International Terminals, Inc. ("TXIT"), DRL Engineering, LLC ("DRL"), and

David R. Luetchford ("Luetchford") are unopposed to this Motion to the extent it seeks to

continue the current docket call. The parties, however, disagree about the length of a

continuance. As set forth below, WFIC, Polaris, Polaris Construction, Obluda, and Nodier

move the Court to continue the docket call to May 2023. TXIT, DRL, and Luetchford have

indicated they are opposed to a continuance of that long and prefer a trial in January or

February 2023. Given the parties' agreement on the continuance, but disagreement on the

length, the parties request a conference with the Court at its earliest convenience to discuss

the length of a continuance, to the extent the Court agrees a continuance is warranted.

## II.
## FACTUAL BACKGROUND

1.      This lawsuit arises out of the design and construction of a fuel storage,

loading, and processing facility located in Galveston, Texas that is owned by TXIT. [Doc.

118, ¶ 1]. Polaris agreed to engineer, design, and construct certain facilities for TXIT under

four separate contracts: the ISBL, OSBL, OSBL Engineering, and Dock Agreement. [Doc.

118, ¶ 1]. The total value of these contracts exceeds $100 million, which relate to three

different construction projects that involve complex issues relating to crude oil processing.

2.      Polaris originally filed this lawsuit in state court on September 24, 2020. [Doc. 1-3]. TXIT removed the case to federal court on October 1, 2020. [Doc. 1]. On November 9, 2020, TXIT filed its Original Answer, Counterclaim, and Third-Party Complaint joining WFIC to this lawsuit. [Doc. 11].

3.      Throughout most of 2021, the case remained in the pre-discovery phase while the Court addressed several motions. The Court granted TXIT's Motion to Transfer the case from the Houston to Galveston Division. [Doc. 66]. The Court also denied TXIT's request for a preliminary injunction concerning disputed equipment in Polaris's possession [Doc. 64, 72] and Polaris's Motion to Dismiss TXIT's Counterclaims [Doc. 81].

4.      On September 2, 2021, the Court entered a Docket Control Order [Doc. 80], which set a discovery deadline of July 2, 2022, a dispositive motion deadline of July 9, 2022, the rebuttal expert deadline of July 15, 2022, and a docket call on October 7, 2022 (to set trial within the following sixty (60) days). Shortly thereafter, the parties began serving discovery. Considering the claims asserted by the parties, which relate to multiple projects, the parties' discovery requests have identified voluminous potentially responsive documents.

5.      On December 23, 2021, Polaris filed a motion seeking leave to amend its complaint to join DRL and Luetchford to this lawsuit. [Doc. 93]. A few weeks later, on January 13, 2022, TXIT filed a motion seeking leave to amend its pleadings to join Polaris Construction, Obluda, and Nodier as third-party defendants. [Doc. 94].

6.      On February 18, 2022, while those motions were pending, the parties filed an Agreement to Extend Discovery Deadlines pursuant to section 3 of the Galveston

District Court Rules of Practice to extend certain discovery deadlines. [Doc. 100]. More specifically, the parties agreed to extend the deadline to: (1) produce expert reports for parties with the burden of proof from March 4, 2022, until May 6, 2022; (2) produce rebuttal expert reports from May 6, 2022, to July 15, 2022; and (3) complete discovery from July 2, 2022, to September 30, 2022. [Doc. 100].

7.      On March 7, 2022, the Court granted Polaris leave to amend its complaint and join DRL and Luetchford as defendants in this lawsuit. [Doc. 109]. On April 18, 2022, DRL and Luetchford appeared in the case and filed their Motion to Dismiss Polaris' Third Amended Complaint. [Doc. 157]. DRL and Luetchford's Motion to Dismiss is still pending.

8.      Also, on March 7, 2022, the Court granted TXIT leave to amend its third-party complaint to join Polaris Construction, Obluda, and Nodier as third-party defendants. [Doc. 112]. On April 20, 2022, Third-Party Defendants Obluda and Nodier appeared in the case and filed their Motion to Dismiss TXIT's claims against them, which Polaris joined. [Doc. 161]. Polaris Construction separately filed a Motion to Dismiss. [Doc. 154]. As of the date of this motion, both Motions to Dismiss are still pending.

9.      On May 23, 2022, DRL and Luetchford served their responses to Polaris's first set of written discovery. As of the date of this filing, DRL and Luetchford have not yet produced documents responsive to Polaris's requests, but it is understood those parties are actively reviewing documents for production. TXIT has not yet served discovery on Obluda or Nodier.

10.     To date, the parties have collectively produced over one million pages of documents in this matter. More specifically, Polaris has produced more than 250,000 documents and over 659,000 pages. Polaris' latest production occurred on June 8, 2022, and totaled approximately 18,000 documents. Polaris anticipates further productions, one of which will include at least 20,000 more documents. TXIT has produced more than 114,000 documents and over 433,000 pages. TXIT's latest production occurred on May 17, 2022, and totaled over 27,000 documents. Polaris and WFIC understand that TXIT is still reviewing and preparing documents for an additional production. Additionally, Polaris served numerous third-party subpoenas. Some of those parties are still in the process of gathering documents for production.

11.     Pursuant to the parties' Agreement to Extend Discovery Deadlines, Polaris and TXIT made an initial disclosure of experts on May 6, 2022. In total, Polaris and TXIT collectively identified six retained testifying experts and numerous non-retained testifying expert witnesses in relation to affirmative claims. The swing in damages being claimed by the respective parties based on the initial expert opinions is more than $80 million. The parties have also identified numerous individuals with discoverable information (TXIT alone identified more than fifty). The parties have not yet conducted any depositions.

12.     As set forth in the parties' Joint Discovery/Case Management Plan, the parties believe that mediation will be beneficial in this case. Given the complexity of the issues, the parties have discussed and agreed upon Steve Nelson to mediate this case. Mr. Nelson is a well-known mediator of construction disputes with significant experience in complex multi-party litigation. With the understanding that the docket call is currently set

for October 2022, the parties have scheduled a mediation with Mr. Nelson on November 15, 2022. That date was one of the earliest dates available based on pre-existing scheduling conflicts between Mr. Nelson and the parties. The parties are aware, however, that their ability to mediate on that date is contingent on the Court's ruling on this Motion.

13.    Assuming the Court agrees with this Motion, the parties have discussed ways to cooperate to limit costs before mediation to potentially increase the likelihood of success. More specifically, the parties have discussed taking only a handful of depositions prior to mediation that may be helpful in settlement negotiations, but reserving the bulk of the fact witness and expert depositions until after mediation before beginning trial preparation.

### III.
### ARGUMENTS AND AUTHORITIES

This is the parties' first request for a continuance. Fed. R. Civ. P. 16(b)(4) provides that a scheduling order may be modified for "good cause and with the judge's consent." "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

This case arises out of the design and construction of three different complex construction projects associated with four different contracts and there are claims on both sides that implicate significant potential damages. Early in the dispute the parties informally exchanged documents and have continued to do so as the litigation has progressed including through formal discovery requests.  In light of the complexity of the

claims and issues presented, the parties have produced more than a million pages of documents, which the parties are still actively in the process of reviewing. The production of documents is still ongoing. For instance, the parties are waiting on productions relating to third-party subpoenas, some of which is likely to include technical information important to the analysis being performed by experts in this case. In addition, five new parties have been recently added to this litigation, some of whom are represented by new counsel. These new parties have filed motions to dismiss that are still pending. The Court's ruling on those motions will likely impact the scope of discovery and the issues that may need to be explored in depositions or otherwise. The parties need a continuance so they can have additional time to complete the production and review of documents critical to the claims at issue in the case, amend expert reports or potentially engage additional experts based on new facts discovered, and evaluate the impact of the five additional parties once the motions to dismiss have been ruled upon.

### A.    The parties' currently scheduled November mediation warrants a continuance.

In an effort to try to resolve their dispute, the parties have agreed to mediate and have scheduled a mediation on November 15, 2022, which was one of the earliest dates available based on pre-existing scheduling conflicts. Obviously, subject to the Court's agreement that a continuance is warranted, this scheduled mediation conflicts with the current October 2022 docket call. To prepare for mediation, the parties have discussed taking a handful of depositions of fact witnesses that may help advance discussions at mediation, but waiting to take the depositions of many additional fact witnesses and expert

witnesses until after mediation to help moderate cost. While it is unlikely the parties will take the deposition of every person identified in the parties' initial disclosures as persons potentially having discoverable information in the parties' initial disclosures—TXIT alone identified more than fifty such potential witnesses—a substantial number of fact witness depositions will be needed based on the breadth of the claims spanning three different construction projects. In light of the current state of discovery, joinder of additional parties, pre-existing conflicts, and the technical complexity of the issues presented, many of which are dependent on documents that have either recently or are yet to be produced, the vast majority of the fact witness depositions will likely not be able to occur for several months. In addition to taking the depositions of numerous fact witnesses, the parties will also need complete expert discovery. So far, the parties have already identified seven testifying expert witnesses and it is anticipated the parties will identify additional rebuttal experts in light of the opinions that have been offered to date, which may be influenced by the documents that have yet to be produced.

B.     **The uncertain scope of claims, status of discovery, and complexity of the case warrants a six month continuance.**

Based on the discussion above, WFIC, Polaris, Polaris Construction, Obluda, and Nodier move the Court to continue the docket call to May 2023. Given the technical nature of the claims and the issues raised in litigating a dispute associated with three different construction projects, the May 2023 date is likely still aggressive. As set forth at the beginning of this Motion, TXIT, DRL, and Luetchford have indicated they agree a continuance is necessary, but would like to have a trial in January or February 2023 thereby

limiting the continuance to about two months. Setting aside the parties' discussions about moderating costs before mediation by reserving several depositions for after mediation, which would not be possible with this short of a continuance, and the impact of the holidays on the parties, witnesses, and court staff, the parties have not yet completed their document productions and have not yet taken any depositions. In light of the currently pending motions to dismiss and additional documents that need to be produced, it is unlikely that depositions will be able to begin in earnest until at least September 2022, particularly when taking pre-existing scheduling conflicts into consideration. In addition, it is unrealistic to expect the parties will be able to complete all necessary discovery, depositions, dispositive motions, and mediation preparation required to meet a schedule that would allow a trial in January or February 2023 since the parties have been engaged in active discovery since the Docket Control Order was set in September 2021, but are still in the process of completing the production and review of documents. The request for a continuance of the docket call to May 2023 is not sought for the purposes of delay, but instead in the interest of justice to allow the parties sufficient time to engage in alternative dispute resolution, finish discovery, file dispositive motions, provide the Court time to rule on dispositive motions, and prepare for trial. While additional time may ultimately be needed after May 2023 given the complexity of this litigation, setting a docket call in May 2023 hopefully prevents the need to return to the Court and ask for an additional continuance in the coming months.

WHEREFORE, WFIC, Polaris, Polaris Construction, Obluda, and Nodier request that the Court continue the current docket call date until May 2023 and reset the interim

deadlines accordingly in line with the parties' agreement to mediate on November 15, 2022.

Respectfully submitted,

*/s/ Phillip W. Pemberton*
CHRISTOPHER R. WARD
State Bar No. 24008233
Southern District Bar No. 23186
cward@clarkhill.com
PHILLIP W. PEMBERTON
State Bar No. 24107892
Southern District Bar No. 3340010
ppemberton@clarkhill.com
LAURA SHERRY
State Bar No. 24056203
Southern District Bar No. 1138420
CLARK HILL PLC
2600 Dallas Parkway, Suite 600
Frisco, TX 75034
Telephone:    (214) 651-4718
Facsimile:    (214) 659-4108

*Attorneys for Westchester Fire Insurance Company*

*/s/ Tony Guerino*
_____

TONY GUERINO
Texas State Bar No. 00792552
Tony.guerino@pillsbury law.com
ELIZABETH E. KLINGENSMITH
Texas State Bar No. 24046496
Liz.klingensmith@pillsburylaw.com
JONATHAN T. SINK
Texas State Bar No. 24099968
Jonathan.sink@pillsburylaw.com
R. YONA STAROSTA
Texas State Bar No. 24120668
yona@starosta@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN
LLP
909 Fannin, Suite 200
Houston, TX 77010
Telephone: (713) 276-7600
Facsimile:  (713) 276-7673

*Attorneys for Polaris Engineering, Inc., Polaris Construction, Inc., Gerry Obluda, and Michael Nodier*


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on June 22, 2022, via the Court's CM/ECF filing system.


*/s/ Phillip W. Pemberton*
_____
PHILLIP W. PEMBERTON