## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| POLARIS ENGINEERING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-00094 |
| | § | |
| | § | |
| TEXAS INTERNATIONAL | § | |
| TERMINALS, LTD., | § | |
| | § | |
| Defendant / Counter-Plaintiff | § | |
| / Third-Party Plaintiff, | § | |

## TXIT'S REPLY IN SUPPORT OF TXIT'S
## MOTION FOR LEAVE TO FILE FIFTH AMENDED PLEADING

TXIT files this reply in support of its motion for leave, Dkt. 190, to address the three reasons Polaris offers in its response, Dkt. 195, to overcome the presumption in favor of granting leave to amend. Specifically, Polaris contends that (1) TXIT has unduly delayed seeking leave, (2) TXIT "may have" acted in bad faith, and (3) the amendment would be futile. Each will be addressed in turn.

### A. No undue delay

Polaris first argues that leave should be denied for undue delay. Dkt. 195 at 3–8. The reason, it says, is because TXIT had learned most, if not all, of the facts alleged in its amended complaint long before seeking leave to amend. Dkt. 195 at 5–6. In making this argument, Polaris pretends like TXIT is seeking leave to allege facts not previously pled. It is not. TXIT is seeking leave to allege

an alternative claim based on facts that are "identical to or materially of the same nature" as those from its prior complaint. Dkt. 195 at 3. Though subtle, the distinction is dispositive. It leaves Polaris with little more than the mere passage of time, while "delay alone is an insufficient basis for denial of leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

Indeed, to warrant denial of leave, the delay must be ***undue***—that is, "it must prejudice [Polaris] or impose unwarranted burdens on the court." *North Cypress Med. Center Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018). That determination turns on whether the amendment "merely proposes alternative legal theories for recovery on the same underlying facts" or would "fundamentally alter the nature of the case." *Mayeaux*, 376 F.3d at 426. The former should be permitted, as it advances Rule 15(a)'s policy of "promoting litigation on the merits" rather than procedural technicalities, while the latter "may be denied if the circumstances warrant." *Id.*

Noticeably absent from its response is any suggestion that granting leave at this juncture would prejudice anyone. In fact, Polaris makes no attempt to prove prejudice of any kind, and the reason is simple: it can't. The amended complaint adds a single claim based on facts previously pled. Polaris concedes as much. Dkt. 195 at 3. When, like here, the amendment merely includes an

alternative legal theory on the same material facts, leave should be granted. The cases supporting this basic proposition are legion.[1]

Polaris also makes no attempt to argue that the proposed amendment fundamentally alters the nature of this case. Nor could it. Even though GCC assigned the promissory estoppel claim to TXIT earlier this year, the parties have already exchanged written discovery and documents on the statements forming the basis of the claim. No depositions have been taken. No summary-judgment motions have been filed. Discovery will be open for seven more months. And the case will not be called to trial until ten months from now (at the earliest). Dkt. 187. These circumstances demonstrate that the amendment will not "radically alter[] the nature of a trial on the merits." *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). Without more, undue delay cannot serve as a basis for denial of leave.

---

[1] *See, e.g.*, *Morgan v. Freshour*, No. 6:17-CV-00004, 2021 WL 4458759, at *4 (S.D. Tex. Sept. 29, 2021) (Tipton, J.) (granting leave to file amended complaint asserting "new legal theories predicated on the same factual allegations" made in prior complaints); *McCarty v. Bigge Crane & Rigging Co.*, No. 5:16-CV-268, 2017 WL 10153538, at *2 (S.D. Tex. June 9, 2017) (Garcia, J.) (granting leave to amend when defendant conceded "the proposed amendment adds nothing to the facts pleaded in the original complaint, but rather merely places different labels on the same conduct"); *Garza v. Nationstar Mortg., LLC*, No. 7:14-CV-48, 2014 WL 12599350, at *5–6 (S.D. Tex. Apr. 22, 2014) (Alvarez, J.) (granting leave to amend where amendment set forth "an alternative legal theory based on the existing facts"); *Rangel v. Gonzalez Mascorro*, No. 5:10-cv-104, 2011 WL 13353220, at *1–2 (S.D. Tex. Aug. 19, 2011) (Hacker, J.) (granting leave to amend when the amendment did "not fundamentally alter the nature of the case, but rather, merely propose[d] a legal theory for recovery on the same underlying facts"); *Valdez v. Capital Mgmt. Servs., LP*, No. 1:09-CV-246, 2010 WL 11665010, at *4 (S.D. Tex. Aug. 20, 2010) (Morgan, J.) (granting leave to amend when "[t]he facts underlying [the] amendment were provided to the defendants in the first amended complaint; [the amendment] arises out of the same events that gave rise to this lawsuit; and it merely adds an alternative statutory theory for recovery").

**B. No bad faith**

Polaris next argues that leave should be denied because TXIT "may have" acted in bad faith. Dkt. 195 at 7–8. Courts have found bad faith when a movant intends "to defeat federal jurisdiction" or "forum shop." *Bouie v. Equistar Chemicals LP*, 188 Fed. Appx. 233, 238 (5th Cir. 2006). Bad faith may also be found where the movant knew certain facts but failed to plead them to gain a tactical advantage. *Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*, No. CV L-09-114, 2011 WL 13135654, at \*5 (S.D. Tex. July 19, 2011) (Hacker, J.).

None of those circumstances is present here. In fact, the procedural posture of this case proves the opposite. The promissory estoppel claim set forth in the amended complaint is predicated on statements that are materially identical to those in the previous complaint. The only meaningful change is the legal theory asserted—which was pled merely one week after this Court's ruled that the representations at issue were "promises of future conduct." *See* Dkt. 188 at 12. The amendment amounts to a good-faith, reasonable, and natural consequence flowing from the Order, notwithstanding the speculation, surmise, and conjecture to the contrary.

**C. No futility**

Polaris finally argues that leave should be denied because the amendment is futile. Dkt. 195 at 8–16. An amended complaint may be deemed futile when it fails to state a claim under the familiar Rule 12(b)(6) standard. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Nonetheless, courts have found that this kind of merits-based analysis is best undertaken in the context of a dispositive motion, "where the procedural safeguards are surer." *Rangel*, 2011 WL 13353220, at *5 (citation omitted). Such restraint is particularly appropriate here, where no summary-judgment motions have been filed yet. *Cooper v. Detail Garage, LLC*, No. 4:19-CV-4501, 2020 WL 1845345, at *1 (S.D. Tex. Apr. 10, 2020) (Ellison, J.) (declining to consider futility and granting leave to amend) (citing *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 239 (5th Cir. 2015)). Accordingly, this Court should grant leave without even considering Polaris's futility argument. *Cf. Quanah Serv., Inc. v. Security Bank*, No. 7:20-CV-00027-O, 2020 WL 6119910, at *3 (N.D. Tex. July 1, 2020) (O'Connor, J.) (noting futility does not mandate denial of leave).

But even if this Court decides to consider it, the outcome remains unchanged because the amendment is far from futile. Polaris makes four arguments to the contrary. None has merit.

***First***, Polaris argues promissory estoppel cannot serve as an independent claim for affirmative relief under Texas law. Dkt. 195 at 10–11. Not true.

The First,[2] Second,[3] Third,[4] Fourth,[5] Fifth,[6] Eighth,[7] Thirteenth,[8] and Fourteenth[9] Courts of Appeals have held that promissory estoppel may be asserted as an affirmative basis for relief under Texas law. The Fifth Circuit Court of Appeals and all Texas district courts have too.[10] Meanwhile, Polaris relies heavily on a stray Ninth Court of Appeals decision from 2003 to support its novel theory,[11] but even that court reversed course earlier this year, finding "promissory estoppel may be the basis of an affirmative claim" for relief. *Towery v. Realty Partners, Inc.,* No. 09-20-00054-CV, 2022 WL 802552, at *12 (Tex. App.—Beaumont Mar. 17, 2022, no pet.).

---

[2] *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 672 (Tex. App.—Houston [1st Dist.] 1996, no writ).

[3] *Rice v. Metro. Life Ins. Co.*, 324 S.W.2d 660, 673 (Tex. App.—Fort Worth 2010, no pet.).

[4] *Bailey v. City of Austin*, 972 S.W.2d 180, 193 (Tex. App.—Austin 1998, pet. denied).

[5] *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 163 (Tex. App.—San Antonio 2008, pet. denied).

[6] *Garza v. Mut. of Omaha Ins. Co.*, No. 05-98-01093-CV, 2001 WL 873613, at *7 (Tex. App.—Dallas Aug. 3, 2001, no pet.).

[7] *Fertic v. Spencer*, 247 S.W.3d 242, 250 (Tex. App.—El Paso 2007, pet. denied).

[8] *Reyna v. First Nat'l Bank*, 55 S.W.3d 58, 70 n. 4 (Tex. App.—Corpus Christi 2001, no pet.).

[9] *Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

[10] *Lamb v. CNG Producing Co.*, 9 F.3d 104, 1993 WL 481792, at *3 (5th Cir. 1993); *Cade v. BAC Home Loans Servicing, LP*, No. CIV.A. H-10-4224, 2011 WL 2470733, at *4 (S.D. Tex. June 20, 2011) (Miller, J.); *Bruce Foods Corp. v. Tex. Gas Service*, No. EP-13-CV-231-KC, 2014 WL 652312, at *23 (W.D. Tex. Feb. 19, 2014) (Cardone, J.); *Hurd v. BAC Home Loans Serv., L.P.*, 880 F. Supp. 2d 747, 761 (N.D. Tex. 2012) (Lynn, J.); *Cobb v. Ocwen Loan Servicing, LLC*, No. 1:11-CV-561, 2012 WL 13162834, at *4 (E.D. Tex. June 27, 2012) (Crone, J.).

[11] *Stanley v. CitiFinancial Mortg. Co., Inc.*, 121 S.W.3d 811, 820 (Tex. App.—Beaumont 2003, pet. denied).

**Second**, Polaris argues that TXIT cannot assert GCC's promissory estoppel claim because a contract covers the same subject matter. Dkt. 195 at 11–13. According to Polaris, it makes no difference that there was no contract between GCC and Polaris.[12] All that matters, it says, "is whether the 'subject matter' underlying the promissory estoppel claim was already set down in a contract." Dkt. 195 at 11. For support, Polaris relies on *Lake v. Cravens*, 488 S.W.3d 867 (Tex. App.—Fort Worth 2016, no pet.). But *Lake* does not mean what Polaris says it does. In that case, the plaintiff "obtained a favorable finding on his breach-of-contract claim" but elected to recover under promissory estoppel instead. *Id.* at 907. Because "parties should be bound by their express agreements," the court reversed and remanded "to allow him to make another election of remedies." *Id.* Unlike the plaintiff in *Lake*, GCC cannot obtain a favorable finding on a breach-of-contract claim, so *Lake* is inapposite.

An opinion from the Western District of Texas is far more analogous. *Gilmour for Grantor Trusts of Victory Parent Co., LLC v. Aetna Health, Inc.*, No. SA-17-CV-00510-FB, 2018 WL 1887296 (W.D. Tex. Jan. 19, 2018) (Chestney, J.). In *Gilmour*, a healthcare provider sued an insurance company

---

[12] To be clear, TXIT agrees that if "a valid contract *between the parties* covers the alleged promise, the plaintiff cannot recover for the promise under promissory estoppel." *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 414 (5th Cir. 2015) (emphasis added). In those circumstances, "the wronged party must seek damages under the contract." *El Paso Healthcare Sys., Ltd. v. Piping Rock Corp.*, 939 S.W.2d 695, 699 (Tex. App.—El Paso 1997, writ denied). Of course, GCC could not seek damages from Polaris under a contract because a contract between GCC and Polaris never existed.

for breach of contract, on behalf of plan members through an assignment of benefits, and for promissory estoppel, on its own behalf based on statements made directly to the provider. *Id*. at *16. The insurance company urged dismissal of promissory estoppel on the ground that the health benefit plans are express contracts that cover the parties' dispute. *Id*. The court disagreed because the contract was "between the plan members and [the insurance company], not [the provider]," while the promissory estoppel claim concerned promises made directly to the provider. *Id*.

The reasoning from *Gilmour* applies with equal force here. The contract was between Polaris and TXIT—not GCC—while the promissory estoppel claim concerns promises made directly to GCC. Thus, the amended complaint states a plausible claim for promissory estoppel "separate and apart" from any claim that TXIT has against Polaris under their contract. *Id*.

**Third**, Polaris argues that "*none*" of the promises in the amended complaint were made to GCC. Dkt. 195 at 13–14. A cursory review of TXIT's amended complaint proves otherwise. Specifically, TXIT alleges that a Polaris principal:

- "***stated in a memo to GCC*** that the Facility 'is designed to run 42 API WTI MEH Crude with no more than 2% Butanes and lighter at a rate of 50 MBPD,'"

- "***sent GCC a copy of Facility product yield and crude distillation guarantees***, ***stating***, among other promises, that the nameplate capacity of the Facility would be 50,000 BPD,"

8

- "***stated to GCC*** that Polaris did 'not see any individual crude that could be completely precluded from the facility,' that 'the unit should be able to run the majority of the crudes [from the Crude Oil List.xlsx spreadsheet] neat' with certain specified exceptions, and that 'there are not real limitations on specific crudes,'"

- ***stated to GCC***, 'We have reviewed the crude that you sent us compared to the crude analysis used for the design and concluded they are essentially the same,'" and

- "***stated to GCC*** respecting a certain 50/50 crude blend, 'We could run about 58 MBPD of that beld without sacrificing any on the MGO yield. . . . We still do not have any hydraulic limits this blend below 60 MBPD. We believe we could get up to 65 MBPC with this blend utilizing double pumping.'"[13]

It is puzzling how Polaris brazenly claims the amended complaint contains "no promises made directly to GCC by Polaris." Dkt. 195 at 14. Treating all allegations as true and indulging all inferences in favor of TXIT, as the standard requires, the complaint does exactly that.[14]

***Fourth***, Polaris argues that GCC's negligence claim seeks the same damages as the promissory estoppel claim. Dkt. 195 at 14–16. Polaris seems to forget that parties are "entitled to sue and to seek damages on alternative theories" of recovery. *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998); *see also J.D. Fields & Co., Inc. v. N. Am.*

---

[13] Dkt. 190-1 at 37–39 (emphasis added).

[14] Polaris cites allegation "m" as an example of a statement "undisputedly" made to TXIT, not to GCC. Dkt. 195 at 14. Once again, Polaris applies the Rule 12(b)(6) standard backwards by resolving all doubts in its favor. A plain reading of allegation "m" does not even identify the recipient of the promise, so it cannot possibly exemplify a statement "undisputedly" made to TXIT. Dkt. 190-1 at 40. If anything, it is unclear, and the inference must be drawn in TXIT's favor.

*Fabricators, LLC*, No. CV H-15-317, 2016 WL 10719872, at *2 (S.D. Tex. June 13, 2016) (noting that promissory estoppel claim may be pled as an alternative claim). And any potential discrepancy regarding any purported overlap in damages will be properly resolved through an election of remedies after the jury returns a verdict and before this Court signs a final judgment. *See Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-CV-307, 2018 WL 626355, at *9 (E.D. Tex. Jan. 30, 2018). Thus, Polaris's stated concern serves no basis for the denial of leave.

### Conclusion

The record is devoid of a "substantial reason" to deny leave. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Nothing suggests an undue delay, bad faith, or futility. Thus, this Court should grant TXIT's motion for leave to file the amended complaint.

Respectfully submitted,

By:   */s/ Timothy C. Ross*
      TIMOTHY C. ROSS
      State Bar No. 24056231
      Federal Bar No. 704790
      tross@andrewsmyers.com
      **ANDREWS MYERS, P.C.**
      1885 Saint James Place, 15th Floor
      Houston, Texas 77056
      Telephone:  713-850-4200
      Facsimile:   713-850-4211

      **ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL**
HUNTER M. BARROW
State Bar No. 24025240
Federal Bar No.: 25828
hbarrow@andrewsmyers.com
ANDREW J. CLARK
State Bar No. 24101624
Federal Bar No. 2996672
aclark@andrewsmyers.com
EMILY W. MILLER
State Bar No. 24079527
Federal Bar No. 1366940
emiller@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 - Telephone
(713) 850-4211 – Facsimile
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2022, I electronically submitted the foregoing document for filing using this Court's CM/ECF system.

*/s/ Timothy C. Ross*
Timothy C. Ross