September 2, 2022

The Honorable Andrew M. Edison                  *VIA ECF Filing*
United States Magistrate Judge
601 Rosenberg, Seventh Floor
Galveston, Texas 77550

      Re:    Request for Conference – Civil Action No. 3:21-cv-00094, *Polaris Engineering, Inc. v. Texas International Terminals, Ltd.*

To the Honorable Andrew M. Edison:

### RELEVANT BACKGROUND

Polaris Engineering, Inc. ("Polaris") recently served a Request for Entry and Inspection asking Texas International Terminals, Ltd. ("TXIT") to permit Polaris' representatives to enter upon TXIT's land to inspect an actively operating crude processing facility and surrounding areas ("Facility") at issue in this litigation.[1] The parties were able to agree to most terms for the site inspection and had drafted an agreement reflecting the terms. (*See* Exhibit 1). However, TXIT demanded that Polaris' representatives sign individual waivers and releases, relinquishing their personal rights under Texas law, and conditioned the site visit on the same.[2] Polaris and its individual representatives were not willing to agree to the waivers.

TXIT and Polaris respectfully request a conference regarding this discovery dispute. The parties estimate this conference will take thirty minutes or less.

### POLARIS' POSITION

Polaris has a right to discovery (i.e., inspection) of the Facility premises under Rule 34(a)(2). Yet, TXIT is attempting to condition that right on Polaris' representatives waiving their *personal* rights to seek redress should they become injured during the inspection because of TXIT's negligence. Nothing in Rule 34 permits a party to impose such a condition. Indeed, several courts have determined that it is "neither necessary [n]or wise to require Plaintiff to, as a condition to conducting a proper inspection, waive any and all legal duties which Defendant might otherwise have in hosting the inspection." *White v. Union Pac. R.R. Co.*, Case No. 09-cv-1407-EFM-KGG, 2011 U.S. Dist. LEXIS 40962, at *2 (D. Kan. Apr. 14, 2011). "It is impossible to imagine that such a waiver would enhance the safety of the

---

[1] To quickly summarize this litigation, TXIT contracted with Polaris to build the Facility. TXIT contends it was defective. Polaris contends it was not. Both parties seek related damages.

[2] TXIT proposed an alternative wording for this sentence, which reads as follows: "However, TXIT required that Polaris' representatives follow TXIT's standard procedure and sign individual waivers and releases before inspecting the operating crude processing facility up close."

September 2, 2022
Page 2

inspection." *Id.* A defendant, "by permitting access, is not doing a favor and is in no position to stipulate that, in the event of accident, it shall receive treatment more favorable than that to which it would be entitled by law." *Hindle v. Nat'l Bulk Carriers*, 18 F.R.D. 198, 199 (S.D.N.Y. 1955); *see also United States v. Bunker Hill Co.*, 417 F. Supp. 332, 333 (D. Idaho 1976) (holding party is not required to indemnify the defendant in the manner requested before entering on the lands of the defendant for purposes of carrying out discovery procedures in preparation for trial). Accordingly, "[w]hile there are a limited number of cases addressing this precise issue, the compelling authority is that [a waiver] …. is not a requirement and will not be court ordered." *Wingard v. GR Catalyst Two LLC*, No. No. 120CV432, 2021 WL 6339599, at \*1 (N.D.N.Y. July 20, 2021).

Polaris shared these authorities with TXIT when negotiating the inspection agreement. Polaris also invited (on multiple occasions) TXIT to provide any contrary authorities. TXIT provided none.[3] Instead, TXIT ignored these authorities and forced this dispute before the Court. TXIT's request that Polaris's individual attorneys, experts, and employees be required to waive their *personal* rights under Texas law in order to perform their job duties on behalf of Polaris should be rejected. There is no support for such an order.

Rather, Polaris respectfully requests that the Court compel TXIT to permit inspection without requiring any waiver or release.

## TXIT's Position

TXIT will require a waiver and release for any third party entering the processing unit for the proposed inspection. As a practical matter, TXIT generally requires any third party entering the Facility to execute release and indemnity agreements. Moreover, parties, experts, and counsel routinely execute similar waiver and release agreements during inspection of property such as the Facility during litigation. TXIT's request is not out of the norm but is instead a standard requirement for visitors entering a processing facility. TXIT does not disagree that the Federal Rules permit parties to serve requests to permit entry onto property, but the Federal Rules also permit the Court to issue protective orders to balance the burdens and dangers created by such entry or inspection. *See, e.g., In re NC Swine Farm Nuisance Litig.*, No. 5:15-CV-00013-BR, 2016 WL 11712478, at \*3 (E.D.N.C. Oct. 19, 2016) (permitting inspection to proceed with parties entering into agreement by which Plaintiffs indemnified and held harmless Defendant from all loss incurred by Defendant as a result of any action taken in connection with Plaintiffs' entry on facility grounds). None of the cases cited by Polaris involved fully operating refineries

---

[3] For the first time when writing this joint letter, TXIT offered its single authority cited below. That authority is inapposite. The court's order in that case merely acknowledges that the parties voluntarily agreed to a waiver and release. TXIT has provided no authority in which a court ordered a waiver and release.

September 2, 2022
Page 3

or crude processing units. TXIT requiring any voluntary participant of the Facility inspection to execute a waiver and release is not disproportionate to the potential burden and expense TXIT faces in permitting untrained, third-parties to enter into an operating processing unit or refinery.

      TXIT cannot agree to permit the inspection or walkthrough without some acknowledgement by the participants of the inherent risks associated with an operating refining unit or agreeing to the waiver and release.

                        Sincerely,

                        */s/ Jonathan T. Sink*

                        *Jonathan T. Sink*
                        Pillsbury Winthrop Shaw Pittman, LLP

cc:    Timothy C. Ross
       Hunter M. Barrow
       Emily W. Miller
       Andrew J. Clark
       *Counsel for TXIT*

       Chris Ward
       Phil Pemberton
       *Counsel for Westchester Fire & Casualty*

       Matthew Pepping
       *Counsel for DRL Engineering, LLC & David Luetchford*

       Tony Guerino
       Liz Klingensmith
       Yona Starosta
       *Counsel for Polaris*

## **CERTIFICATE OF CONFERENCE**

Counsel for Texas International Terminals ("TXIT") and Polaris Engineering, Inc. ("Polaris") have conferred regarding the above-described dispute. The parties exchanged emails and phone calls throughout the weeks of August 22 and 29. The parties were not able to reach an agreement.

*/s/ Jonathan T. Sink*
Jonathan T. Sink

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all counsel of record listed below pursuant to the Federal Rules of Civil Procedure on September 2, 2022, through the Court's electronic filing system:

*/s/ Jonathan T. Sink*
Jonathan T. Sink

4882-9137-8481.v2

# **EXHIBIT 1**

## **AGREEMENT REGARDING INSPECTION**

**THIS AGREEMENT REGARDING INSPECTION** (this "Agreement") is dated as of [tbd], 2022 by and between Texas International Terminals, Ltd. ("TXIT"), Polaris Engineering, Inc. ("Polaris"), and Westchester Fire Insurance Company (the "Surety").

### **Background**

TXIT and Polaris are involved in a lawsuit captioned Civil Action No. 3:21-cv-00094, *Polaris Engineering, Inc. v. Texas International Terminals, Ltd*. in the Southern District of Texas, Galveston Division (the "Litigation"). Polaris wishes to conduct an inspection of the following premises: TXIT's Green Marine Fuel Processing Facility, including all areas subject to and contemplated by the OSBL Agreement, OSBL Engineering Agreement, ISBL Agreement, and Dock Agreement, as identified in TXIT's Fifth Amended Answer, Counterclaim, and Third-Party Complaint, and including any and all changes, modifications, or improvements completed or in process thereon (the "Premises"). TXIT will facilitate Polaris's inspection of the Premises (the "Inspection"), including its operation during the ordinary course of business, provided Polaris enters into this Agreement.

**NOW, THEREFORE,** in consideration of the foregoing and the mutual promises, covenants, and agreements herein contained, the parties hereto, intending to be legally bound, hereby agree as follows:

1. TXIT will allow Polaris and its representatives, which may include Polaris employees, consultants, testifying experts, in-house or outside counsel, or other representatives acting on Polaris's behalf, along with the Surety and its representatives, which may include in-house or outside counsel, testifying or consulting experts, or other representatives (collectively, the "Polaris Group") to participate in an Inspection beginning at 8:00 a.m. on [tbd].

2. The Inspection shall consist of a plant perimeter site walk, an internal inspection of the ISBL, including all components originally installed by Polaris, modified by any party, or later installed by another party, and an inspection of the control room and the flare. During inspection of the control room, the Polaris Group will be permitted to view screenshots of the DCS data for the various screens showing current processing activity and major equipment. The walkthrough will also include an inspection of the pipe racks as well as the MVCU and MCCs. All walkthroughs and inspections will be led by Mr. Robert Haugen, on the route prescribed on **Exhibit A**, along with other ~~mutually agreeable~~ routes ~~areas, if any,~~ necessary to view the additional areas described herein. The Polaris Group will be permitted to take measurements of any distances during the Inspection using a wheel measure or similar tool. Communications between the parties regarding the site walk and inspection shall be limited to logistical and safety concerns, not substantive issues related to the Litigation. During the Inspection, the Polaris Group must walk and travel together as a group.

3. Polaris reserves the right to conduct additional discovery pursuant to the Federal Rules of Civil Procedure.

4. Because the Premises is an operational industrial facility, each member of the

Polaris Group will be responsible for providing his or her own personal protection equipment This equipment includes the following: FRC clothing, eye protection, ear protection, a hard hat, and steel-toed shoes.

5. No outside cameras or cellular devices will be permitted onsite during the Inspection. Intrinsically safe cameras will be provided for use during the Inspection to any person(s) taking photographs of the Premises. No photographs will be permitted in the control room. All cameras will be returned to TXIT at the conclusion of the Inspection. Polaris will be entitled to possession of all such photographs and TXIT will make sure all photographs taken are provided to the person(s) who took such photographs.

6. Any failure by any member of the Polaris Group to adhere to the rules prescribed herein shall result in an immediate termination of the Inspection and expulsion of the Polaris Group from the Premises.

7. ~~Each individual participating in the Inspection shall execute a Waiver and General Release attached as **Exhibit B** before entering the Premises~~.

~~7.~~8. The Protective Order entered in the Litigation shall govern the Inspection and any evidence gathered from the Inspection, including all photographs, and such evidence shall be designated as "Confidential" pursuant to the Protective Order.

9. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.

**AGREED AND APPROVED**

**Polaris Engineering, Inc.**

_____

Name: _____

Title: _____

Date: _____

4879-2929-4385.v1

**Westchester Fire Insurance Company**

_____

Name: _____

Title: _____

Date: _____

**Texas International Terminals, Ltd.**

_____

Name: _____

Title: _____

Date: _____

# Exhibit A

INSPECTION ROUTE



— WALK & DRIVE TOUR

4879-2929-4385.v1

~~**Exhibit B**~~

~~**Waiver and General Release**~~

~~PLEASE READ THIS AGREEMENT CAREFULLY. THIS IS A LEGAL DOCUMENT WHICH AFFECTS YOUR LEGAL RIGHTS. IF YOU HAVE ANY QUESTIONS ABOUT THIS DOCUMENT, PLEASE CONSULT YOUR ATTORNEY BEFORE YOU SIGN IT.~~

~~In consideration of the consent of Texas International Terminals, Ltd. ("TXIT") and Texas International Refining, LLC ("TIRCO") to my entrance upon and use of the premises known as the Green Marine Fuel Processing Facility (the "Premises"), for the purpose of inspection of the Premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned, intending to be legally bound, does hereby:~~

~~**WAIVE, RELEASE AND DISCHARGE TXIT, ITS AFFILIATES (INCLUDING, BUT NOT LIMITED TO, TEXAS INTERNTIONAL REFINING, LLC), AND ITS AND THEIR RESPECTIVE REPRESENTATIVES, OWNERS, PARTNERS, MEMBERS, DIRECTORS, OFFICERS, AGENTS, EMPLOYEES, INVITEES OR LICENSEES ("THE RELEASED PARTIES") FROM ANY AND ALL CLAIMS SOUNDING IN NEGLIGENCE RELATED TO OR ARISING FROM MY INSPECTION OF THE PREMISES BEGINNING ON AUGUST 31, 2022. I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS WAIVER OF RIGHTS AND FULLY UNDERSTAND THAT IT IS A RELEASE OF LIABILITY OF ALL LEGAL ACTIONS SOUNDING IN NEGLIGENCE RELATED TO OR ARISING FROM MY INSPECTION OF THE PREMISES BEGINNING ON AUGUST 31, 2022, TO WHICH I WILL BE BOUND.**~~

~~I understand that my entrance upon and use of the Premises is entirely voluntary and done at my own risk as the Premises is an active industrial facility. I further understand that the Released Parties may not be responsible for any injury that may occur due to my voluntary entrance and use of the Premises.~~

~~I acknowledge that I will enter and use the Premises with reasonable care and take all precautions to minimize injury to myself and others.~~

~~I understand and acknowledge that this Waiver, General Release, and Non-Disclosure Agreement is a binding legal document that affects my legal rights and remedies.~~

~~I acknowledge that I have read this Waiver, General Release, and Non-Disclosure Agreement in its entirety. I sign this Waiver, General Release, and Non-Disclosure Agreement willingly and with full knowledge and understanding of its legal effects.~~

4879-2929-4385.v1

~~Signature:~~ _____   ~~Date:~~ _____

~~Print Name:~~ _____

4879-2929-4385.v1