United States District Court
Southern District of Texas
**ENTERED**
September 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| POLARIS ENGINEERING, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:21-00094 |
| | § | |
| TEXAS INTERNATIONAL TERMINALS, LTD., *et al.*, | § § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

This litigation arises out of a series of contractual agreements between Texas International Terminals, Ltd. ("TXIT") and Polaris Engineering, Inc. ("Polaris"). Under the relevant contracts, Polaris agreed to engineer, design, and construct a crude processing facility ("Facility") for TXIT. Polaris has sued TXIT for nonpayment. TXIT refuses to pay Polaris because it contends that the Facility is defective.

Discovery is well underway. As part of that process, Polaris recently requested the opportunity to enter and inspect the Facility under Federal Rule of Civil Procedure 34(a)(2). Rule 34(a)(2) provides that a party may request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." FED. R. CIV. P. 34(a)(2). The parties agree that a site inspection is appropriate in this case and have worked together to set the parameters for that inspection. There is one outstanding issue that the parties have asked me to resolve. TXIT requests that Polaris's representatives (including consultants, experts, and counsel) provide a waiver of liability before entering the Facility. Polaris opposes any effort to condition its right to inspect the Facility on its representatives waiving

their personal rights to seek redress should they become injured during the inspection as a result of TXIT's negligence.

I am not the first federal judge to consider whether a party seeking to conduct a Rule 34 inspection must agree to release and indemnify the party hosting the inspection. In *Hindle v. Nat'l Bulk Carriers, Inc.*, 18 F.R.D. 198 (S.D.N.Y. 1955), the first reported decision addressing this issue, a plaintiff sought permission to board a ship in order to photograph and measure the location of an alleged accident. The ship's owner consented to the plaintiff's request, but under the condition that each person boarding the vessel sign a general waiver of liability. In refusing to require the plaintiff to execute a liability waiver, the *Hindle* court reasoned:

> Defendant argues further that since persons coming aboard its vessel pursuant to an order permitting boarding in aid of discovery would be doing so "on their own business and not that of the vessel", [sic] the owner of the vessel is entitled to protection by way of a waiver of liability. I cannot agree. It is unnecessary to determine now the exact extent of the duty, if any, owed by the ship to persons who come aboard for the purpose of obtaining evidence pursuant to court authority. The extent of that duty, whatever it is, is fixed by law. The ship, by permitting access, is not doing a favor and is in no position to stipulate that, in the event of accident, it shall receive treatment more favorable than that to which it would be entitled by law.

*Id.* at 199.

Since the *Hindle* decision was handed down almost 70 years ago, district courts across the country have universally followed suit, holding that waiver agreements to enter and inspect property are inappropriate. *See, e.g.*, *P.R. Ports Auth. v. P/V Norwegian Epic*, No. CV 21-1056, 2021 WL 5570330, at *3 (D.P.R. Aug. 19, 2021) (refusing to require a Rule 34 inspection be conditioned upon execution of a liability waiver); *Wingard v. GR Catalyst Two LLC*, No. 1:20-CV-432, 2021 WL 6339599, at *2 (N.D.N.Y. July 20, 2021) (same); *Spano v. CSX Transp., Inc.*, No. 3:16-CV-245, 2017 WL 3332246, at *4 (W.D. Pa. Aug. 3, 2017) ("CSXT may not require a release of liability in order for Spano to visit, inspect,

photograph and video the inside of the train engine."); *Aderholt v. Bureau of Land Mgmt.*, No. 7:15-CV-00162, 2016 WL 11782267, at *3 (N.D. Tex. Oct. 30, 2016) ("But whatever hazards [the party seeking to inspect the premises] may face in conducting the inspection, they do not require that [the same party] waive any rights to pursue relevant discovery."); *Exxon Mobil Corp. v. Daybrook Fisheries, Inc.*, No. CV 08-4654, 2009 WL 10680073, at *1 (E.D. La. Oct. 28, 2009) (holding that a party seeking to inspect an industrial yard under Rule 34 does not have to execute a liability waiver before being allowed on the premises); *United States v. Bunker Hill Co.*, 417 F. Supp. 332, 333 (D. Idaho 1976) (A party conducting a Rule 34 inspection "is not required to indemnify the [party hosting the inspection] . . . before entering on the lands of the [party hosting the inspection] for purposes of carrying out discovery procedures in preparation for trial.").

Today, I join this growing chorus of judges refusing to require an individual involved in a property inspection to enter into a liability waiver. As one district court in Kansas succinctly noted: "[T]he Court considers it neither necessary or wise to require [the party seeking to inspect the premises] to, as a condition to conducting a proper inspection, waive any and all legal duties which [the premise owner] might otherwise have in hosting the inspection." *White v. Union Pac. R.R. Co.*, No. 09-cv-1407, 2011 U.S. Dist. LEXIS 40962, at *2 (D. Kan. Apr. 14, 2011). "It is impossible to imagine that such a waiver would enhance the safety of the inspection." *Id.*; *see also Swoope v. CSX Transp., Inc.*, No. 4:13-CV-0307, 2014 WL 12543864, at *5 (N.D. Ga. Aug. 13, 2014) (Although a waiver of liability "does not give [the premise owner] license to intentionally injure" the party inspecting the property, "there is little doubt that it attempts to remove . . . the obligation to exercise ordinary care toward" those inspecting the site.). A party hosting a Rule 34 inspection should, like any premise owner who hosts a guest in the State of Texas, be required to exercise reasonable care to protect the invitee from risks that the owner is actually aware of, and also those risks that the owner should be aware of after a reasonable inspection. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3

(Tex. 1996). Accordingly, Polaris's representatives will not be required to execute releases or indemnity agreements before conducting the Rule 34 inspection at the Facility.

Even though I hold that an individual participating in a Rule 34 inspection should not be forced to waive any claims before entering the premises, I do appreciate TXIT's position that the operating crude processing facility at issue is, by its very nature, an inherently dangerous place. To ensure that each member of the Polaris team participating in the site visit is fully aware what is in store, TXIT is ordered to provide these individuals written notice as to the potentially dangerous conditions that exist at the Facility. The written notice should also warn all persons participating in the Rule 34 inspection that if they agree to enter the Facility, they risk encountering these and similar dangers and are obligated to take reasonable precautions. This may include being required to wear personal protective equipment provided by TXIT.

SIGNED this 7th day of September 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE