United States District Court
Southern District of Texas
**ENTERED**
February 22, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| POLARIS ENGINEERING, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:21-cv-00094 |
| | § | |
| TEXAS INTERNATIONAL TERMINALS, LTD., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Texas International Terminals, Ltd. ("TXIT") has filed a Motion for Exclusion of Jereme Crouthamel ("Motion for Exclusion"), as well as a supplement in support of that motion. *See* Dkts. 288, 304. In the those papers, TXIT asks this Court to enter a protective order that would (1) prohibit Jereme Crouthamel ("Crouthamel"), a former TXIT employee, from testifying at trial in this case; (2) bar Crouthamel from communicating with his current employer, Polaris Engineering, Inc. ("Polaris"), about this lawsuit without TXIT counsel present; (3) require that all communications between Crouthamel and Polaris be produced, even though they might contain privileged information; and (4) force Crouthamel and Polaris to provide for forensic examination of all computers Crouthamel has used during his tenure with Polaris. Polaris and Crouthamel have each filed briefs opposing the entry of a protective order. *See* Dkts. 337, 339. TXIT has submitted a reply in support its Motion for Exclusion. *See* Dkt. 341. For the reasons set forth below, the Motion for Exclusion is **DENIED**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes district courts to issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. FED. R. CIV. P. 26(c). Protective orders may forbid inquiry into certain matters, limit the scope of

disclosure to certain matters, and require a trade secret or other confidential information not be revealed or be revealed only in a specified way. *See id.*

The "decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999). This is because "[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.* "The burden is upon the movant to show the necessity of [a protective order], which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

## DISCUSSION

This litigation arises out of a series of contractual agreements between TXIT and Polaris. Under the relevant contracts, Polaris agreed to engineer, design, and construct a crude processing facility ("Facility") for TXIT. Polaris has sued TXIT for nonpayment. TXIT refuses to pay Polaris because it contends that the Facility is defective.

Crouthamel worked as TXIT's Terminal Operations Manager during the construction of the Facility. At the time he was hired, Crouthamel agreed "not to use any confidential information acquired during [his] employment for [his] own personal benefit or the benefit of persons other than" TXIT. Dkt. 288-2 at 3. After this lawsuit was filed in 2020, Crouthamel met with TXIT's counsel on numerous occasions and assisted TXIT's counsel in preparing documents related to this lawsuit.

TXIT fired Crouthamel in May 2021. A few weeks later, Crouthamel went to work for Polaris. He was eventually hired by a Polaris affiliate as Vice President of Operations. He holds that position today.

In recent months, Crouthamel has attended several depositions in this case as a Polaris corporate representative. He was also recently deposed as a fact witness. At that deposition, Crouthamel acknowledged that he downloaded and placed a copy of the entire contents of his TXIT laptop on an external hard drive. Not surprisingly, TXIT's counsel cries foul. TXIT complains that Crouthamel stole "approximately four years' worth of confidential commercial documents about TXIT's business, privileged communications with TXIT's outside counsel relating to this suit, and privileged work product developed by Mr. Crouthamel and TXIT's counsel." Dkt. 288 at 5. When I learned that Crouthamel possessed the external drive, I instructed Crouthamel, through counsel, to immediately return it to TXIT. I believe that has occurred.

I can certainly understand why TXIT is furious that Crouthamel downloaded the entire contents of his TXIT laptop on an external drive, took that drive home with him when he left TXIT's employment, and then concealed for several years the fact that he possessed such information.[1] It also appears, based on a forensic review of the external drive, that Crouthamel accessed roughly 100 documents from the external drive between October 14, 2022 and November 8, 2022. *See* Dkt. 341-2 at 4. Although I certainly do not condone Crouthamel's actions, I am unwilling to issue the draconian protective order that TXIT requests. There are several reasons why.

To begin, there is no evidence before me that suggests Polaris has done anything improper. Before hiring Crouthamel, Polaris had Crouthamel sign a nondisclosure agreement, pledging that he would not disclose TXIT information to Polaris or transfer such information onto Polaris's computer network:

---

[1] Whether Crouthamel's conduct constitutes a breach of any contractual obligation or the common law is a question for another day in a different forum.

> 5. **Protection of Information of Others.** It is specifically agreed by the Parties that Polaris in no way has an expectation that, and further, Crouthamel shall not have taken, and shall not provide or disclose any trade secrets or confidential information of any prior employers or clients of Crouthamel, including but not limited to Texas International Terminals, Ltd., to Polaris or any of Polaris' agents or employees for the purposes of competing with or engaging in any unfair trade practices or for the Purpose. Crouthamel further specifically covenants and agrees that he shall not at any time provide any documentary or electronic data or prior employers or clients to Polaris; nor shall he transfer or upload any data, contacts, client lists, confidential information, or trade secrets to any of Polaris' informational technology assets such as computers, servers, or cloud storage facilities.

Dkt. 344 at 4. Although Crouthamel has met with Polaris's counsel to discuss this case, Crouthamel testified under oath that Polaris's lawyers specifically "instruct[ed him] not to disclose any information about [his] work for TXIT's legal team." Dkt. 304-1 at 72. Crouthamel says that no such confidential information has been shared with Polaris. *See id.* at 71.

As noted, I think it is safe to say that Crouthamel should not have taken a copy of his TXIT laptop with him after he left TXIT's employment. Even so, there is nothing in the record that indicates that Crouthamel has disclosed any information on that laptop—sensitive or otherwise—to anyone at Polaris. To the contrary, the evidence before me indicates that Crouthamel has not shared any TXIT information with Polaris or its attorneys. Crouthamel testified as follows at his deposition:

> Q. Did you provide any of the information on that jump drive or any other information from TXIT to Polaris?
>
> A. No, sir.
>
> Q. Did you provide any information on the jump drive or from TXIT to Polaris's attorneys?
>
> A. No, sir.

*Id.* at 256.

I recognize that Rule 26(c) confers broad authority and discretion on the trial court to determine when and the degree to which a protective order is

warranted. I am also sensitive to TXIT's legitimate concerns that Crouthamel might divulge privileged information to Polaris or its counsel. But to do what TXIT requests—bar Crouthamel from testifying at trial and prohibit Crouthamel from speaking to Polaris's counsel about this matter without TXIT's counsel present—is wildly excessive. Accordingly, TXIT's Motion for Exclusion is **DENIED**. At the same time, I do think it is appropriate to order that Crouthamel be prohibited from discussing TXIT's privileged information with Polaris or its counsel. I view this as maintaining the status quo, and I am confident that Polaris and Crouthamel will ensure that my order is followed.

SIGNED this 22nd day of February 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE