IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| POLARIS ENGINEERING, INC., <br><br> *Plaintiff* <br><br> v. <br><br> TEXAS INTERNATIONAL TERMINALS, LTD., <br><br> *Defendant.* | CIVIL ACTION NO. 3:21-cv-00094 |

**POLARIS ENGINEERING, INC.'S MOTION TO STRIKE "NEW" EVIDENCE SUBMITTED IN SUPPORT OF TXIT'S APPEAL [Dkt. 479] AND MOTION FOR RECONSIDERATION [Dkt. 480] AND TO DISMISS THE MOTION FOR RECONSIDERATION [Dkt. 480] FOR LACK OF JURISDICTION**

Polaris Engineering, Inc. ("Polaris") files this Motion to Strike all of the "new" evidence Texas International Terminals, Ltd. ("TXIT") submitted in support of its appeal [Dkt. 479] of, and Motion for Reconsideration [Dkt. 480] of, Magistrate Judge Edison's recent order [Dkt. 472] compelling TXIT to produce certain documents TXIT claimed were privileged.  Polaris also seeks to dismiss the Motion for Reconsideration for lack of jurisdiction pending resolution of TXIT's appeal to the District Court.  In support, Polaris respectfully shows as follows:

## BACKGROUND

TXIT challenges Magistrate Judge Edison's recent ruling that it must produce documents it had previously been withholding as privileged—a ruling that Judge Edison made based on a substantial record, including multiple declarations, deposition testimony,

emails, and full briefing from the parties going back to March 2023. [*See* Dkts. 377, 402, 404, 468, and 470]. In addition, Judge Edison heard oral argument and gave significant leeway to the parties to exhaust their points on the privilege issues. [*See* Minute Entry, July 28, 2023]. Based on this fulsome review, Judge Edison issued a carefully reasoned decision analyzing the record and the parties' arguments. [Dkt. 472].

TXIT has now filed objections to Judge Edison's opinion—i.e., an appeal to the district judge followed by a Motion for Reconsideration that was identical to its appeal brief. To both, TXIT has attached a cacophony of belated affidavits and documentary evidence that it contends should change the result. Polaris intends to separately address the merits of this evidence, which would not change the result anyway, and to fully respond to both the appeal and the Motion for Reconsideration.[1]

For now, however, Polaris moves to strike the entirety of this additional evidence because it is untimely and inappropriate under the applicable standards of review for either an appeal of a magistrate's ruling or a motion for reconsideration—standards which TXIT ignores in its filings. Polaris likewise seeks to dismiss TXIT's Motion for Reconsideration for lack of jurisdiction triggered by TXIT's appeal of the magistrate's ruling to the District Court. At bottom, TXIT has offered no reason why any of this "evidence" was unavailable to it for the last six months since Polaris initially filed its Motion to Compel.

---

[1] Polaris understands that, pursuant to the Court's local rules, it has twenty-one days from the date of TXIT's filings to file a response. Polaris reserves the right to do so unless the Court denies TXIT's appeal and motion before that time has passed.

## ARGUMENT

**I.     None of TXIT's "new" evidence can be considered on appeal of a magistrate judge's decision.**

Where, as here, a magistrate's ruling is on a ***nondispositive*** matter, Rule 72(a) applies, and the district court reviews the ruling under a "clearly erroneous" standard. *Quantlab Group, LP v. Dempster*, No. H-18-2171, 2019 WL 7037653, at *1 (S.D. Tex. Dec. 20, 2019); *see also Thompson v. Assurant Employee Benefits*, No. 07-1062, 2008 WL 11383467, at *1 (D. Kan. June 2, 2008) (holding that an order compelling production of documents that a party has claimed are privileged is a nondispositive, pretrial matter).

Under that standard, review is "highly deferential." *Quantlab Group*, 2019 WL 7037653, at *2. And, "[w]here, as here, discovery orders are at issue, the objecting party's burden is especially heavy." *Id.*; *see also Thompson*, 2008 WL 11383467, at *1. Ultimately, it is the appellant's burden to "demonstrate how the order is reversible ***under the applicable standard of review***." *Quantlab Group*, 2019 WL 7037653, at *1 (emphasis added). TXIT did not even cite or identify the appropriate standard of review, much less demonstrate how that standard applies to its arguments.

Critically, when conducting a "clearly erroneous" review under Rule 72(a), the review must be "***based on the existing record***." *FIMBank PLC v. Discovery Inv. Corp.*, No. 2:19-CV-264, 2020 WL 6044500, at *2 (S.D. Tex. Oct. 13, 2020) (emphasis added). As the Fifth Circuit explained, under such review, there is "no basis for the district court to [ ] receive[ ] additional evidence." *Moore v. Ford Motor Co.*, 755 F.3d 802, 808 (5th Cir. 2014) (concluding that magistrate judge's findings on issues of confidentiality

waiver were subject to clearly erroneous review under Rule 72(a) and that because such findings were limited to clear error review there was no basis for the district court to receive additional evidence). As a result, all of the "new" evidence submitted by TXIT with its objections—which was readily available to TXIT at the time Polaris initially filed its Motion to Compel—should be stricken and ignored.[2]

## II. The "new" evidence also should not be considered on a motion for reconsideration.

TXIT's "new" evidence should similarly be stricken and ignored for purposes of its motion for reconsideration. Because the motion was filed more than ten days after the challenged decision, district courts in this Circuit evaluate such a motion under the standards of Rule 60. *See, e.g.*, *Adaptix, Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:12-CV-22, 2015 WL 12815316, at *1 (E.D. Tex. July 23, 2015).

Rule 60 allows for reconsideration only where one of a few specific elements have been met, including either "excusable neglect," or "newly discovered evidence." *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, No. 4:11-CV-1355, 2017 WL 3484507, at *2 (S.D. Tex. Aug. 14, 2017). Put differently, such motions do not contemplate relief where "the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification…." *Id.* at *1. There are important policy reasons for why the Court would seek to discourage

---

[2] Polaris refers to the evidence as "new"—in quotations—because, although the evidence is of course newly presented, none of it is actually newly discovered. TXIT has offered no reason why any of the information contained in its affidavits was not already available to it for the past several months since Polaris initially filed its Motion to Compel (in March 2023). It is apparent that TXIT simply does not like Judge Edison's decision and has now submitted even more self-serving affidavits than it did the first time in hopes of getting another bite at the apple.

4

rehashing old arguments or raising new ones without justification—"[u]sing an overly generous standard in reviewing motions under Rule 54(b) would reduce judicial efficiency and give parties no incentive to raise all relevant arguments at first consideration of an issue…." *Id.*

TXIT completely ignores Rule 60's standards and how they bear on its arguments. All of TXIT's allegedly "new" evidence was available to TXIT when it originally filed its response to the motion to compel. Thus, TXIT has failed to "provide[ ] any good reason why [it] could not have raised the arguments in [its] motion[ ] for reconsideration before [Judge Edison's] Order was entered." *See Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-cv-792, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019). "Instead, [TXIT] chose to raise [these items] only after the Court expended a significant amount of time and energy resolving a complicated motion and reviewing the ample [ ] record before it." *Id.* Accordingly, the "new" evidence should be stricken and ignored for purposes of reviewing TXIT's Motion for Reconsideration.

**III. The Motion for Reconsideration may otherwise be improper (and should be dismissed) because TXIT's appeal to the district judge divested the magistrate judge of jurisdiction.**

Finally, courts in the Southern District have ruled that when a party files a Rule 72 appeal of a magistrate judge's decision, such filing divests the magistrate of any further jurisdiction and therefore renders moot any motion for reconsideration. *See, e.g.*, *In re Sanco Holding AS*, No. G-07-161, G-07-201, 2009 WL 961998, at *1 (S.D. Tex. Apr. 6, 2009). Given TXIT's double filing, its appeal should render moot its Motion for Reconsideration.

5

## CONCLUSION

For the foregoing reasons, Polaris respectfully requests that the Court strike all of TXIT's evidence submitted with its Appeal of Magistrate Judge Edison's decision and its Motion for Reconsideration. In addition, Polaris requests that the Court dismiss TXIT's Motion for Reconsideration in its entirety because its appeal divested the magistrate of jurisdiction to reconsider its ruling.

| | |
|---|---|
| Dated: September 13, 2023 | Respectfully submitted,<br><br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br><br>*/s/ Tony Guerino*<br>Tony Guerino<br>Texas State Bar No. 00792552<br>Elizabeth E. Klingensmith<br>Texas State Bar No. 24046496<br>Ben Bernell<br>Texas State Bar No. 24059451<br>Jonathan T. Sink<br>Texas State Bar No. 24099968<br>Ryan Steinbrunner<br>Texas State Bar No. 24093201<br>R. Yona Starosta<br>Texas State Bar No. 24120668<br>909 Fannin St., Suite 2000<br>Houston, Texas 77010<br>Telephone: 713-276-7695<br>Facsimile: 713-276-7673<br>tony.guerino@pillsburylaw.com<br>liz.klingensmith@pillsburylaw.com<br>ben.bernell@pillsburylaw.com<br>jonathan.sink@pillsburylaw.com<br>ryan.steinbrunner@pillsburylaw.com<br>yona.starosta@pillsburylaw.com<br><br>***Attorneys for Plaintiff Polaris Engineering, Inc. and Third-Party Defendants Polaris Construction, Inc., Gerry Obluda, and Michael Nodier*** |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served on counsel of record for all parties via the Court's CM/ECF system on September 13, 2023.

*/s/ Liz Klingensmith*
Liz Klingensmith

## CERTIFICATE OF CONFERENCE

I certify that after conferring with TXIT, TXIT is opposed to the relief sought in the foregoing Motion.

*/s/ Liz Klingensmith*
Liz Klingensmith
