United States District Court
Southern District of Texas
**ENTERED**
December 18, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## Galveston Division

No. 3:21-cv-94

Polaris Engineering, Inc., *Plaintiff*,

v.

Texas International Terminals, Ltd., *Defendant*.

## MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, *United States District Judge*:

Before the court is Polaris's motion for attorneys' fees & costs. Dkt. 775. The court will deny the motion.

The court tried this diversity case applying Texas law to a jury earlier this year. After receiving the verdict, the court rendered judgment awarding more than $30 million in damages and pre-judgment interest to the plaintiff, Polaris Engineering, Inc., on its breach-of-contract claims against Texas International Terminals, Ltd. ("TXIT"). Dkt. 772.

In diversity cases, the state's law that governs the underlying claims governs claims for attorneys' fees. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000). Relying on Chapter 38 of the Texas Civil

Practice & Remedies Code, Polaris now seeks $13,694,026.32 in attorneys' fees and $710,541.53 in expenses. Dkt. 775. Under Texas law, "each party generally must pay its own way in attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 483 (Tex. 2019); *see also Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 41 (Tex. 2012) ("As a general rule, litigants in Texas are responsible for their own attorney's fees and expenses in litigation."). But Chapter 38 creates an exception for breach-of-contract actions. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). It is undisputed that under the current version of section 38.001—as amended in 2021—the legislature included limited partnerships, like TXIT, among the organizations from which attorneys' fees may be recovered for breach of contract.

But before the amendment, section 38.001 allowed recovery of fees only against "an individual or corporation." Act of June 15, 1985, 69th Leg., R.S., ch. 959, 1985 Tex. Gen. Laws 3244, 3278 (amended 2021) (current version at Tex. Civ. Prac. & Rem. Code § 38.001). And courts have generally held that under the plain language of that version of section 38.001, "a trial court cannot order limited liability partnerships, limited liability companies, or limited partnerships to pay attorney's fees." *CBIF Ltd. P'ship v. TGI Friday's Inc.*, No. 05-15-00157-CV, 2017 WL 1455407, at *25 (Tex. App.—

Dallas 2017, pet. denied); *see also, e.g.*, *Cypress Engine Accessories, LLC v. HDMS Ltd. Co.*, 283 F. Supp. 3d 580, 591 (S.D. Tex. 2017) (collecting cases); *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2017 WL 2730739, at *18 (S.D. Tex. June 26, 2017) (collecting cases); *Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 453 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (limited liability companies); *Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (partnerships).

Because this case was filed in 2020, Dkt. 1, the older version of section 38.001 governs. Accordingly, TXIT argues that under the language of the statute in effect when the suit was filed, Polaris cannot recover attorneys' fees and expenses from TXIT because it is a limited partnership. Dkt. 801.

Polaris offers several arguments to try to save its attorneys'-fees claim. *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983); Tex. Civ. Prac. & Rem. Code § 38.002(2). It first contends that TXIT is estopped from denying it is a corporation because it was referred to as a corporation rather than a limited partnership in agreements between the parties. Dkt. 804 at 7–9. But TXIT is not a corporation, and sloppy contract language won't turn it into one. Even TXIT's inability—by estoppel or otherwise—to deny it is a corporation can't make it a corporation. "[C]orporate formalities matter." *Power Contracting,*

*LLC v. Thurman*, No. 3:24-cv-78, 2024 WL 5036612, at *4 (S.D. Tex. Aug. 8, 2024) (quoting *In re Lyondell Chem. Co.*, 567 B.R. 55, 153 (Bankr. S.D.N.Y. 2017), *aff'd*, 585 B.R. 41 (S.D.N.Y. 2018). TXIT is indelibly and unavoidably a limited partnership. And as section 38.001 existed in 2020, it did not apply to partnerships.[1]

Polaris next argues "TXIT waived its 'limited partnership' argument by not timely raising it." Dkt. 804 at 9. But TXIT's "'limited partnership' argument" is not an affirmative defense. *See Dixie Carpet Installations, Inc. v. Residences at Riverdale, L.P.*, 599 S.W.3d 618, 631–32 (Tex. App.—Dallas 2020, no pet.).[2] Attorneys' fees are generally not recoverable under Texas law. Chapter 38 provides a handful of exceptions to that general rule. As the

---

[1] TXIT argues in its surreply that Polaris has judicially admitted that TXIT is a limited partnership. Dkt. 816 at 3–4. Polaris has moved for leave to respond to this argument, insisting that "as movant, Polaris should get the 'last word' on its request for attorneys' fees and costs." Dkt. 817 at 1–2. But as the court's ruling does not rely on TXIT's judicial-admission argument, the court will deny as moot Polaris's motion for leave.

[2] In *Dixie Carpet*, the plaintiff argued the defendants—a limited partnership and limited liability company—waived the inapplicability of § 38.001 to such entities by failing to assert it as an affirmative defense. 599 S.W.3d at 631. The court rejected that argument "because § 38.001's inapplicability to business organizations other than corporations is a matter of statutory coverage in the first instance and not exemption." *Id*. Noting that an "affirmative defense is by nature one of confession and avoidance," the court held that "[b]ecause the statute on its face does not bring the Riverdale defendants within its scope in the first place, there was nothing for them to confess and avoid." *Id*. at 631–32.

statute existed when this case was filed, it's a simple fact that none of those exceptions applied to TXIT. TXIT's alleged failure to so plead doesn't change that.[3] Just as TXIT can't estop itself into a corporation, it can't waive itself into liability under a statute that does not apply in the first place.

Polaris's third argument is its boldest:

> Even if TXIT could overcome its insurmountable procedural obstacles, Polaris is still entitled to its fees. Though some courts have decided that partnerships are not subject to fees awards under § 38.001, the Texas Supreme Court has read § 38.001 to allow for the recovery of fees from entities other than persons or corporations, including partnerships. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006)[,] and *Bohatch v. Butler & Binion*, 977 S.W.2d 543, 547 (Tex. 1998) (broadly allowing for the recovery of attorneys' fees under § 38.001 against a limited partnership and a law firm partnership). This Court is bound to follow such controlling authority absent an intervening Fifth Circuit or Supreme Court decision endorsing TXIT's position. *See Webb v. City of Dallas, Tex.*, 314 F.3d 787, 794–95 (5th Cir. 2002). Since no such overriding decision exists, the binding precedent from the Texas Supreme Court controls, and Polaris should prevail. *Id*.

*Id*. at 12–13. Polaris argues that the Texas Supreme Court has held that the older version of section 38.001 allows for recovery of attorneys' fees from partnerships. It then cites two cases for support, representing that they are "binding precedent" on this court. But if the Texas Supreme Court had

---

[3] Similarly, if Polaris's claims against TXIT sounded in tort rather than contract, TXIT would not have needed to plead the unavailability of attorneys' fees in tort actions to avoid liability for them.

already decided this issue, why did the legislature need to amend the statute? And why did the Court deny review in later-decided intermediate-court cases like *Alta Mesa* and *Barton*? And why have so many federal courts ruled the other way? The truth is that the two cases Polaris cites do not say what Polaris says they say.

*Tony Gullo Motors* is a suit against an auto dealer over the sale of a Toyota Highlander. 212 S.W.3d at 303. The only indication that the defendant is a limited partnership arises from the style of the case—*Tony Gullo Motors I, L.P. v. Chapa*. The opinion includes no discussion of whether attorneys' fees can be recovered against a limited partnership under section 38.001. Indeed, section 38.001 is *never even mentioned*. The only question the Court addresses regarding attorneys' fees is whether the plaintiff should have segregated the fees attributable to her contract claims from those attributable only to her tort claims. *See id.* at 310–14.

In *Bohatch*, the defendant was also a partnership—the law firm of Butler & Binion. 977 S.W.2d at 544. At the very end of the opinion, the Court states off-handedly: "Moreover, because Bohatch's damages sound in contract, and because she sought attorney's fees at trial under section 38.001(8) of the Texas Civil Practice and Remedies Code, we affirm the court of appeals' award of Bohatch's attorney's fees." *Id.* at 547. That's it. There's

no analysis and no indication that the applicability of the statute was even teed up.

In neither *Tony Gullo Motors* nor *Bohatch* does the Supreme Court of Texas take on the question of whether attorneys' fees are recoverable from a partnership under section 38.001. "Opinions that 'never squarely addressed [an] issue' and 'at most assumed the' answer are not precedential 'by way of *stare decisis.*'" *Petteway v. Galveston Cnty.*, 111 F.4th 596, 603 (5th Cir. 2024) (en banc) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)). So, on the issue of whether the pre-2021 version of section 38.001 allows recovery of fees from partnerships, *Tony Gullo Motors* and *Bohatch* are nonstarters. And Polaris points to no other Texas Supreme Court cases on this point.

*Tony Gullo Motors* and *Bohatch* were followed by decades of cases going against Polaris's position. But that doesn't stop Polaris from urging this court, should it make an *Erie* guess, to "hold that Polaris's interpretation of § 38.001(8) is correct." Dkt. 804 at 13. In other words, this court should buck the trend and both ignore the plain language of the statute and counterpoise the educated *Erie* guess countless other courts have already made. The court declines to do so.

\*   \*   \*

Polaris cannot recover its attorneys' fees and expenses from TXIT. The motion, Dkt. 775, is denied. And Polaris's motion for leave, Dkt. 817, is denied as moot.

Signed on Galveston Island this 18th day of December, 2024.

*[signature: Jeff Brown]*

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE